MUNDO, PLAINTIFF, APPELLANT AND APPELLEE, *v.* AGOSTO, DEFENDANT, APPELLEE AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action of Debt.

No. 1899.—Decided March 31, 1919.

EVIDENCE.—The preponderance of evidence does not depend upon the number of witnesses.

COSTS—ATTORNEY FEES—TEMERITY.—As the lower court definitely arrived at the conclusion that the complainant and his witnesses were to be believed rather than those of the defendant, and as other circumstances of the case showed that the defendant was guilty of temerity in his defence, the court should have imposed the costs and attorney fees upon the defendant.

The facts are stated in the opinion.

*Mr. Luis Méndez Vas* for the plaintiff.

*Mr. Manuel F. Rossy* for the defendant.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the appellee having paid $853.86 which the appellant owed to another person, the said appellant insists that he paid back the said amount to the said appellee. There

was a clear conflict in the testimony of the two parties to the suit. In addition to the parties, two witnesses were produced at the trial who gave testimony·more or less in favor of appellant. The books of appellee were produced, but contained only the entry of the charge against appellant, and in addition there were two settlements made by notes between the parties wherein the payment of said sum by appellant was necessarily excluded. The first note was for $2,391.40. The appellant paid $1,300 and executed a new note for $1,091.40 which is the note sued on in this case. The appellant maintains that the said sum of $853.86 ought to have been credited to the appellant or ought not to have been charged or included in either of the said settlements. The court gave no credit to the two witnesses not parties to the suit, found that there was no document or written evidence in favor of appellant and hence rendered judgment for the whole sum claimed.

We cannot say too often that the preponderance of the proof does not depend upon the number of the witnesses and the appellee gave strong written and oral proof in support of his claim which we find no reason to doubt after the finding of the court. Furthermore, all the written proof, including the two notes in settlement, was in favor of the appellee and it would take very strong evidence to overcome the proof thus presented. Indeed, there were other circumstances in the case confirmatory of the conclusion at which the court arrived, among others, the actions of appellant at the time he made the new note.

The complainant also appealed and assigns as error that the court should have awarded costs, not only because costs and counsel fees were included in the promissory note sued upon, but also because blame could be imputed to defendant. As the court definitely arrived at the conclusion that the complainant and his witnesses were to be believed and not those of the defendant, and for other outlined circumstances of the case, the defence necessarily was one for blame

and the court should also have found costs and fees in favor of the complainant independently of the contract of the defendant. The note sued on, however, left no doubt.

The judgment of the District Court of San Juan should be affirmed in so far as the complaint is sustained and the defendant adjudged to pay the complainant the sum of $1,091.40 and interest from the date of the filing of the complaint until payment of said principal sum is made, and reversed in so far as costs were not allowed therein, and in lieu thereof the defendant is adjudged to make payment of costs and attorney fees.

*Modified and affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.